UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NEW YORK LIFE INSURANCE CO.**            **CIVIL ACTION**

**VERSUS**            **No. 16-17484**

**RICHARD STARKS, JR., ET AL.**            **SECTION I**

**ORDER & REASONS**

Before the Court is the Estate of Carretta Starks's ("the Estate") motion[1] for summary judgment. Defendant Richard Starks, Jr.'s ("Starks") response in opposition to the Estate's motion for summary judgment was due April 22, 2020, but to date, no opposition has been filed.[2] Accordingly, the Court considers the motion unopposed. For the following reasons, the motion is granted.

**I.**

All of the pertinent facts are undisputed. On September 7, 2014, Carretta Starks ("the Insured") applied for life insurance coverage and designated her husband, Starks, as primary beneficiary of the death benefits.[3] The Insured did not designate a secondary or contingent beneficiary.[4] On October 28, 2014, plaintiff New York Life Insurance Company ("New York Life") issued policy number 24024220 (the "Policy") to the Insured.[5]

---

[1] R. Doc. No. 34.
[2] *See* R. Doc. No. 37.
[3] R. Doc. No. 1-2, at 3.
[4] *See id.*
[5] R. Doc. No. 1, at 2 ¶ 10; R. Doc. No. 17, at 2 ¶ 10; R. Doc. No. 21, at 2 ¶ 10.


On September 13, 2016, the Insured died due to a single gunshot wound to the head.[6] As a result of her death, death benefits in the amount of $200,000 became due and payable.[7] Starks was arrested on September 13, 2016 in connection with the Insured's death and charged with second degree murder.[8]

New York Life filed a complaint[9] in interpleader on December 15, 2016, requesting that the Court determine to whom the death benefits of the Insured should be paid. Defendants Ashton Davis and Te'a Starks, as representatives of the Estate, filed a crossclaim against Starks, seeking a declaration that he is legally disqualified from receiving the death benefits and that, therefore, the Estate is entitled to the death benefits.[10]

New York Life deposited the death benefits in the amount of $197,762.29 with the Clerk of Court, pursuant to this Court's order, and it was dismissed with prejudice from the case.[11] On October 18, 2017, the Court stayed and administratively closed the matter to be re-opened upon filing of a written motion within thirty days of a final judgment in the criminal case pending against Starks in Louisiana state court.[12]

---

[6] R. Doc. No. 1, at 3 ¶ 11; R. Doc. No. 17, at 2 ¶ 11; R. Doc. No. 21, at 2 ¶ 11.
[7] R. Doc. No. 1, at 3 ¶ 12; R. Doc. No. 17, at 2 ¶ 12; R. Doc. No. 21, at 2 ¶ 12.
[8] R. Doc. No. 1, at 3 ¶ 13; R. Doc. No. 17, at 3 ¶ 13; R. Doc. No. 21, at 2 ¶ 13.
[9] R. Doc. No. 1.
[10] R. Doc. No. 17, at 5–6 ¶¶ 11–12. Alternatively, Ashton Davis and Te'a Starks seek, in their individual capacities, a declaration that Starks's disqualification as a beneficiary under the Policy entitles them to the death benefits because the Insured died intestate. *Id.* at 6 ¶ 13. In the event that the Court does not grant such relief, Ashton Davis and Te'a Starks assert a wrongful death claim against Starks. *Id.* at 6 ¶¶ 14–18. As the Court's ruling renders these alternative claims moot, the Court will not address them.
[11] *See* R. Doc. Nos. 25 & 27.
[12] R. Doc. No. 26.

Starks was tried and convicted before a jury of second degree murder of the Insured in the Fortieth Judicial District Court, Parish of St. John the Baptist, State of Louisiana, and he was sentenced to a term of life imprisonment on October 14, 2019.[13] Starks appealed his conviction and sentence.[14] Ashton Davis and Te'a Starks, individually and on behalf of the Estate, filed a motion to lift the stay, which this Court granted on February 18, 2020.[15] The Estate now moves for summary judgment on its claim for declaratory relief.

## II.

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the Court determines that there is no genuine dispute of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out the absence of evidence supporting the other party's case. *Id.*; *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

---

[13] R. Doc. No. 28-2, at 12; R. Doc. No. 30-2.
[14] The Court confirmed with the Fifth Circuit Court of Appeal for the State of Louisiana that Starks filed an appeal of his conviction and sentence.
[15] R. Doc. Nos. 30 & 33. Ashton Davis and Te'a Starks, individually and on behalf of the Estate, previously filed a motion to lift stay, which the Court denied. R. Doc. Nos. 28 & 29.

Once the party seeking summary judgment carries its burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).

A genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . , the material may be presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted). The party responding to the motion for summary judgment may not rest upon the pleadings but must identify specific facts that establish a genuine issue. *Anderson*, 477 U.S. at 248. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

### III.

Pursuant to Louisiana law, a beneficiary under any personal life insurance contract shall not receive from the insurer any benefits under the contract accruing upon the death of the insured, if the beneficiary is either:

(a) Held by a final judgment of a court of competent jurisdiction to be criminally responsible for the death, disablement, or injury of the individual insured [or]

(b) Judicially determined to have participated in the intentional, unjustified killing of the individual insured.

La. R.S. § 22:901(D)(1).

Where such a disqualification exists, the policy proceeds become payable to the secondary or contingent beneficiary or, if no secondary or contingent beneficiary exists, to the estate of the insured. La. R.S. § 22:901(D)(2).

A murder conviction in a trial court is a "final judgment" for purposes of La. R.S. § 22:901(D)(1)(a), because it can be appealed and "puts an end to the proceedings." *In re Succession of Holder*, 50,824, p. 7 (La. App. 2 Cir. 8/10/16), 200 So. 3d 878, 882, *writ denied sub nom. Green v. Holder*, 2016-1694 (La. 12/16/16), 212 So. 3d 1169 (citing La. C. Cr. P. art. 912A); *see also In re Hamilton*, 446 So. 2d 463, 465 (La. App. 4 Cir 2/9/84), *writ denied sub nom. Hamilton v. Hamilton*, 448 So. 2d 105 (La. 1984) (holding that a beneficiary who pled guilty to manslaughter in connection with the insured's death was disqualified from receiving any benefits of the insured's life insurance contract, pursuant to La. R.S. § 22:613(D) [now codified at La. R.S. § 22:901(D)(1)(a)]).

In *Holder*, the defendant was convicted of second-degree murder of his mother, the insured. 200 So. 3d at 882. It was irrelevant for purposes of La. R.S. § 22:901(D)(1)(a) that he had appealed his conviction and sentence, because "[t]he appeal is not part of the proceedings, but is rather the exercise of the right of a defendant to have a judgment reviewed by the proper appellate court." *Id.* (citing La. Code Crim. Proc. art. 911). "Therefore, because [the defendant] was '[h]eld by a final judgment of a court of competent jurisdiction to be criminally responsible for the death . . . of the individual insured[,]' he [was ineligible to] receive any benefits accruing from her insurance contracts upon her death pursuant to La. R.S. § 22:901D(1)(a)." *Id.*

Starks's second degree murder conviction of the Insured is a final judgment holding him criminally responsible for her death and, consequently, he is disqualified from receiving any portion of the Policy's death benefits. *See id.* Starks's pending appeal of his conviction and sentence has no bearing on whether he is eligible to receive benefits under La. R.S. § 22:901(D). *See id.* Accordingly, because the Policy has no secondary or contingent beneficiary, the Estate is entitled to the death benefits.[16] *See* La. R.S. § 22:901(D)(2).

---

[16] *See* R. Doc. No. 1-2, at 3.

6

### IV.

For the foregoing reasons,

**IT IS ORDERED** that the Estate's motion for summary judgment is **GRANTED** and that all other claims asserted by the Estate, Ashton Davis, and Te'a Starks against Richard Starks, Jr. are **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that the death benefits, in the principal amount of $197,762.29 plus accrued interest, shall be paid to the Estate of Carretta Starks.

New Orleans, Louisiana, April 27, 2020.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**